*Parker, Trustee v. Ginnie Mae, et al. — Verified First Amended Complaint*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATOSHA L. PARKER, as Trustee of the
NLP REVOCABLE LIVING TRUST,
DATED OCTOBER 16, 2024,
12373 Rouen Cove Dr, Jacksonville FL
32226, 5673032870,

v.                   Plaintiff,

GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION (GINNIE MAE); and
SECRETARY OF THE UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS,
in his official capacity,

and                Federal Defendants,

LAKEVIEW LOAN SERVICING, LLC;
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for GNMA REMIC Trust 2020-030;
M&T BANK; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS),

               Rule 19 Parties.

Case No. 1:26-cv-01739-TSC

Assigned: Hon. Tanya S. Chutkan

---

## EQUITABLE RELIEF ONLY — NO JURY DEMAND

## VERIFIED FIRST AMENDED COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

*(Federal Defendants Only — No Damages — No Relief Against Any State Court or State Proceeding)*

*(Filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(A); supersedes the original Verified Complaint filed May 21, 2026)*

Plaintiff Natosha L. Parker, as Trustee of the NLP Revocable Living Trust, dated October 16, 2024 ("Plaintiff"), appearing pro se, amends her Verified Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A), no responsive pleading having been served, and alleges:

## NATURE OF THE ACTION

1.     This action is brought against two federal defendants only — the Government National Mortgage Association ("Ginnie Mae") and the Secretary of Veterans Affairs — to compel the



RECEIVED

JUN 1 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

performance of non-discretionary federal duties and to obtain a declaratory judgment on a question of federal law. Every claim pleaded here can be heard only in this District.

2.      The central, simplest fact is this: the entity prosecuting the Florida foreclosure of Plaintiff's home, Lakeview Loan Servicing, LLC, does not appear anywhere in the endorsement chain of the promissory Note. The Note's own allonge shows the chain running ClearPath Lending to United Wholesale Mortgage to United Shore Financial Services, LLC, and then in blank. Lakeview is not on it. This is verifiable from the four corners of a single instrument.

3.      This Complaint pleads no claim under the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, 42 U.S.C. § 1983, or any private-defendant or state-actor theory, and seeks no money damages. Those claims were pending in Parker v. Lakeview Loan Servicing, LLC, et al., No. 25-cv-01217-JEP-LLL (M.D. Fla.) and are deliberately not replicated here. A Notice of Related Cases under Local Civil Rule 40.5 is filed herewith.

4.      This Complaint does not ask this Court to enjoin, stay, vacate, or review any state-court proceeding, order, or judgment. Allegations regarding the Florida foreclosure are pleaded solely as context establishing the federal-agency notice and the federal-law questions presented. The injury pleaded is the federal defendants' inaction, not any act of any state court.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1361, 5 U.S.C. §§ 701–706, 26 U.S.C. § 860D, and 28 U.S.C. § 2201.

6.      Venue lies under 28 U.S.C. § 1391(e)(1): each federal defendant resides in this District and a substantial part of the events occurred here, including the December 17, 2025 service of a Rule 45 subpoena on Ginnie Mae at its Washington, D.C. headquarters and the agencies' subsequent inaction in this District.

7.    No abstention or anti-injunction doctrine applies. The Anti-Injunction Act, 28 U.S.C. § 2283, is not implicated because no relief is sought against any state-court proceeding. Younger is confined by Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), to three categories, none of which is a federal-defendant mandamus and APA action. Rooker-Feldman does not apply: the injury pleaded is federal-agency inaction and a federal-law invalidity, not any state-court judgment, and the December 19, 2025 Fifth District Court of Appeal disposition was a procedural dismissal that did not reach the merits of any question presented here. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279 (11th Cir. 2018).

8.    38 U.S.C. § 511 does not bar Count II. Plaintiff seeks no review of any benefits determination, but compelled performance of discrete loan-supervision duties categorically distinct from benefits adjudication. Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012) (en banc).

## STANDING

Plaintiff's standing in this action arises from her direct relationship to the federal defendants and to the Property, and not from any claimed right to enforce, rescind, or void any private instrument as a party or third-party beneficiary to it.

8a.    Plaintiff is the record titleholder of the Property and the holder of an interest junior to the Secretary's recorded Partial Claim Mortgage. As such, she is a "person … adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702, and a party to whom the federal defendants owe the discrete, mandatory duties pleaded in Counts I and II. Her injury — the agencies' failure to perform those duties despite documented notice — is concrete, particularized, traceable to the federal defendants' inaction, and redressable by the mandamus and APA relief sought. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004).

8b.    Plaintiff's standing does not depend on, and Plaintiff does not assert, any status as a party to or intended third-party beneficiary of the GNMA REMIC Trust 2020-030 pooling and servicing agreement. The declaratory question in Count IV is presented not as a private challenge to the validity of an assignment between non-parties for Plaintiff's own benefit, but as the federal-tax and federal-program predicate that triggers and defines the federal defendants' supervisory duties. So framed, the question is one this Court resolves to determine what the federal defendants must do, and Plaintiff's standing to compel those federal officers is established independent of any contract-enforcement theory.

## PARTIES

9.    Plaintiff is the Trustee of the NLP Revocable Living Trust, which holds record title to 12373 Rouen Cove Drive, Jacksonville, Florida 32226 (the "Property") by quitclaim deed recorded October 21, 2024 at Book 21232, Page 544, Duval County. Plaintiff is a veteran the Department of Veterans Affairs determined, by letter dated October 30, 2023, to be 100% permanently and totally disabled effective August 10, 2022.

10.    Defendant Ginnie Mae is a wholly-owned government corporation within HUD, 451 Seventh Street SW, Washington, D.C. 20410, administering GNMA REMIC Trust 2020-030 (Pool AQ7641) into which the loan was pooled.

11.    Defendant Secretary of Veterans Affairs is sued in official capacity; Fed. R. Civ. P. 25(d) substitutes the current officeholder automatically. Office: 810 Vermont Avenue NW, Washington, D.C. 20420.

12.    Lakeview Loan Servicing, LLC; U.S. Bank National Association (solely as Trustee for GNMA REMIC Trust 2020-030); M&T Bank; and MERS are named as Rule 19(a)(1)(A) parties only, to be bound by the declaratory judgment. No relief, monetary or injunctive, is sought against any Rule 19 party.

**FACTUAL ALLEGATIONS**

**A. The Loan and the Endorsement Chain**

13.    On January 22, 2020, Plaintiff executed a Note for $232,858.00 payable to ClearPath Lending, secured by a mortgage on the Property. The loan was VA-guaranteed; the Note bears, on its face, the notice: "THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT."

14.    The Note's Endorsement Allonge bears these endorsements in order: ClearPath Lending to United Wholesale Mortgage (signed by Sandy Schrammeck, Attorney-in-Fact for P&P Services Inc.); United Wholesale Mortgage to United Shore Financial Services, LLC (Maria Subashi, AVP Operations); and a blank endorsement by United Shore Financial Services, LLC (Maria Subashi, AVP Operations).

15.    The Note has never been endorsed to Lakeview Loan Servicing, LLC. Lakeview does not appear in the endorsement chain. This is apparent from the face of the Note and its allonge.

**B. The VA's Recorded Interest and Instrument-Embedded Role**

16.    On November 8, 2021, a Partial Claim Mortgage in favor of the Secretary of Veterans Affairs was recorded against the Property at Document No. 2021296071, Official Records Book 20001, Page 2044, Public Records of Duval County, in the principal amount of $22,314.04. The recorded instrument identifies the Lender as "the Secretary of Veterans Affairs, an Officer of the United States," at the Department of Veterans Affairs Loan Guaranty Service, 3401 West End Avenue, Suite 760W, Nashville, Tennessee 37203.

17.    That Partial Claim Mortgage, at paragraph 5, expressly provides that the Security Instrument "shall be governed by Federal law and the law of the jurisdiction in which the Property is located," and at paragraph 7 authorizes the Secretary to invoke the Single Family

Mortgage Foreclosure Act of 1994, 12 U.S.C. § 3751 et seq., as the federal foreclosure mechanism for the Secretary's subordinate interest.

18.     In its verified state foreclosure complaint, Lakeview alleged under oath, at paragraph 11, that the United States, on behalf of the Secretary of Veterans Affairs, holds the recorded interest identified above. The United States, on behalf of the Secretary, was named and served in the state foreclosure and appears through the United States Attorney. The Secretary thus has actual notice that an entity not in the endorsement chain is foreclosing the senior lien on a VA-guaranteed loan securing the home of a 100% disabled veteran.

19.     The VA Assumption Policy Allonge to Note, executed January 22, 2020 and incorporated into the Note, conditions any transfer or assumption of the loan on approval by the Department or its authorized agent pursuant to 38 U.S.C. § 3714, and designates the authorized agent as trustee for the Department with respect to transfer-related obligations. The Secretary's supervisory role over dispositions of this loan is written into the controlling instruments.

**C. The REMIC Pool and the Post-Closing Assignment**

20.     The loan was pooled into GNMA REMIC Trust 2020-030, Pool AQ7641, which closed on March 30, 2020, as confirmed by the Offering Circular Supplement (Morgan Stanley & Co. LLC; Samuel A. Ramirez & Co., Inc., Co-Sponsor) dated March 24, 2020. On August 24, 2023 — more than three years later — MERS executed a Corporate Assignment of Mortgage to Lakeview (recorded September 5, 2023, Instrument No. 2023182377, Book 20797, Page 924). It is a purported post-closing contribution to a closed REMIC trust.

21.     Federal GNMA Trust Information records identify M&T Bank, not Lakeview, as the servicer of record for this loan. The discrepancy between the federally-reported servicer and the foreclosure actor is unreconciled in any federal-program record available to Plaintiff.

**D. The Florida Foreclosure (Context Only)**

22.     On February 17, 2025, Lakeview filed a foreclosure complaint in Duval County (No. 16-2025-CA-000685-AXXX-MA) representing it was the holder of the Note. These facts are pleaded as context for federal-agency notice and the federal-law questions. Plaintiff does not ask this Court to vacate, stay, enjoin, or review that proceeding or any order in it.

**E. Federal-Agency Notice and Documented Inaction**

23.     On December 2, 2025, the Clerk of the United States District Court for the Middle District of Florida issued a subpoena under Federal Rule of Civil Procedure 45 to the Government National Mortgage Association, commanding production of trust pooling and REMIC compliance documents, loan-level certification and custodial delivery records, monthly reporting system entries, securitization filings, issuer and servicer information, and confirmation of transfer or non-transfer of Plaintiff's loan (Schedule A). On December 17, 2025 at 10:02 AM, the subpoena and Schedule A were personally served on Cynthia Roper-Madison, Paralegal and Authorized Agent for Ginnie Mae, at the Office of Issuer & Portfolio Management, 451 Seventh Street SW, Washington, D.C. 20410, by a professional process server (Nereida Avelar, Same Day Process Service, Inc.), as attested by sworn Affidavit of Process Server. The compliance window under the subpoena's 21-day deadline ran out on January 7, 2026. Ginnie Mae did not respond, did not object, and did not move to quash within that window, and has not done so in the five months since.

24.     The Secretary, with a recorded Partial Claim Mortgage on the Property and notice through the United States Attorney, has taken no documented action to determine whether the foreclosing entity is entitled to enforce the Note, whether 38 C.F.R. § 36.4350 pre-foreclosure requirements were met, or what effect the foreclosure has on the Secretary's own recorded interest.

25.    A Notice of Related Cases under Local Civil Rule 40.5 is filed herewith disclosing the state foreclosure, the M.D. Fla. action, the Florida Supreme Court proceedings, and a contingent Supreme Court filing. None seeks the relief sought here, and none could.

## CLAIMS FOR RELIEF

### COUNT I — MANDAMUS AGAINST GINNIE MAE (28 U.S.C. § 1361)

26.    Plaintiff incorporates paragraphs 1 through 25.

27.    Ginnie Mae owes non-discretionary duties under GNMA Handbook 5500.3, Rev. 1, and 24 C.F.R. Part 320 to enforce issuer-compliance and pool-integrity requirements against participants in GNMA REMIC Trust 2020-030, including the integrity of the endorsement chain for pooled notes. The Handbook's mandatory language supplies the meaningful standard. Heckler v. Ringer, 466 U.S. 602, 616 (1984); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63–65 (2004).

28.    As pleaded in paragraph 23, the Rule 45 subpoena was personally served on Ginnie Mae's authorized agent on December 17, 2025. The 21-day compliance window expired January 7, 2026. Ginnie Mae did not respond, object, or move to quash. Five additional months have elapsed without any response. Plaintiff has no other adequate remedy: no administrative appeal exists and no other court can compel Ginnie Mae to act at its seat in this District.

29.    Plaintiff is entitled to a writ of mandamus directing Ginnie Mae to (a) respond to the December 2, 2025 subpoena served December 17, 2025; (b) determine whether the foreclosing entity's representations are consistent with the endorsement-chain and pool-integrity rules; (c) identify the servicer of record and reconcile the M&T/Lakeview discrepancy; and (d) report to the Court.

## COUNT II — MANDAMUS AGAINST THE SECRETARY OF VETERANS AFFAIRS (28 U.S.C. § 1361)

30.    Plaintiff incorporates paragraphs 1 through 25.

31.    The Secretary owes non-discretionary duties as to this VA-guaranteed loan under 38 U.S.C. § 3732, 38 U.S.C. § 3714, 38 C.F.R. § 36.4350, and the transfer-approval and supervisory obligations incorporated into the Note, the VA Assumption Policy Allonge, and the Secretary's own recorded Partial Claim Mortgage (paragraph 5 of which expressly provides that the instrument is governed by federal law, and paragraph 7 of which authorizes the Secretary to invoke 12 U.S.C. § 3751 to protect the federal interest).

32.    This Count seeks no review of any benefits determination and does not implicate 38 U.S.C. § 511. The Secretary has actual notice (served in the state foreclosure; appearing through the United States Attorney) and a recorded Partial Claim Mortgage (Doc. No. 2021296071, Book 20001, Page 2044), as confirmed by the recorded instrument itself.

33.    Notwithstanding that notice and recorded interest, the Secretary has taken no documented action to determine whether the foreclosing entity may enforce the Note, whether § 36.4350 was satisfied, or the effect of the foreclosure on the Secretary's recorded lien. Plaintiff does not allege the Secretary never acted on this loan; Plaintiff alleges the Secretary has not performed these specific discrete determinations despite documented notice.

34.    Plaintiff has no other adequate remedy and is entitled to a writ of mandamus directing the Secretary to make those determinations and report to the Court on an expedited schedule.

## COUNT III — APA, ACTION UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED (5 U.S.C. § 706(1))

35.    Plaintiff incorporates paragraphs 1 through 25. Each failure in Counts I and II is a discrete, mandatory action the agency was required to take. Norton, 542 U.S. at 63–64.

36.    Ginnie Mae's silence following service of the Rule 45 subpoena on December 17, 2025 is unreasonable delay under the TRAC factors. Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70 (D.C. Cir. 1984). A rule governed the response time — the subpoena set a 21-day compliance window expiring January 7, 2026. Service was effected on a named, identified authorized agent of the agency and is documented by a sworn Affidavit of Process Server. Plaintiff's health and welfare as a 100% disabled veteran facing loss of her home weigh heavily. The burden of compliance is de minimis. The prejudice from continued silence is severe. All TRAC factors favor Plaintiff. Plaintiff is entitled to an order compelling both federal defendants to act on an expedited schedule.

## COUNT IV — DECLARATORY JUDGMENT ON FEDERAL-PROGRAM AND FEDERAL-TAX STATUS (26 U.S.C. § 860D; 28 U.S.C. § 2201)

37.    Plaintiff incorporates paragraphs 1 through 25. This Count is pleaded in the alternative and in aid of Counts I–III. Even if the endorsement-chain defect pleaded in Counts I–III were curable or insufficient, an independent federal-law question exists that the federal defendants are obligated to resolve.

38.    An actual and justiciable controversy exists, binding on the Rule 19 parties, as to the federal-tax and federal-program status and effect of the August 24, 2023 Corporate Assignment of Mortgage — specifically: (a) whether, under 26 U.S.C. § 860D and the governing documents of GNMA REMIC Trust 2020-030, the transfer of a mortgage into the Trust on August 24, 2023, after the Trust's March 30, 2020 startup day, is an ineffective and impermissible post-closing contribution for purposes of the Trust's REMIC qualification and Ginnie Mae program eligibility; (b) what consequences that federal-tax and federal-program characterization has for Ginnie Mae's issuer-compliance and pool-integrity duties and for the Secretary's supervisory obligations; and (c) whether the servicer of record reported to Ginnie Mae for this loan is M&T Bank or Lakeview. This Count adjudicates only federal-program and federal-tax rules and the

federal defendants' resulting obligations, and does not adjudicate, vacate, or review any state-court matter, nor does it grant Plaintiff any private remedy against any Rule 19 party.

39.    Plaintiff seeks a declaration on each question in paragraph 38 — framed as the federal-law status of the transaction and the federal defendants' resulting duties, not as a private adjudication of contract validity for Plaintiff's benefit — as an alternative and additional ground for the relief sought in Counts I–III.

40.    Plaintiff does not seek, and this Count does not request, any order enforcing, rescinding, cancelling, or voiding any private assignment for Plaintiff's benefit as a party or third-party beneficiary to it. The validity question is presented solely as the federal-tax and federal-program predicate that the federal defendants must apply in performing the discrete duties pleaded in Counts I and II. To the extent any consequence flows to a Rule 19 party, it flows only from this Court's declaration of federal law binding on that party under Rule 19, and not from any relief running to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Issue a writ of mandamus directing Ginnie Mae to perform the duties in Count I, expedited;

B.    Issue a writ of mandamus directing the Secretary of Veterans Affairs to perform the determinations in Count II — including the effect of the foreclosure on the Secretary's recorded Partial Claim Mortgage — expedited;

C.    Compel agency action under 5 U.S.C. § 706(1) as to both federal defendants;

D.    In the alternative, declare under 26 U.S.C. § 860D and 28 U.S.C. § 2201 the federal-tax and federal-program status and effect of the August 24, 2023 post-closing transfer, the

consequences of that status for the federal defendants' issuer-compliance, pool-integrity, and supervisory duties, and the identity of the servicer of record — such declaration to bind the Rule 19 parties under Rule 19 and to grant Plaintiff no private remedy against any Rule 19 party;

E.     Award costs and any fees available under 28 U.S.C. § 2412; and

F.     Grant such other relief, not inconsistent with the limitations stated herein, as is just. No money damages and no relief against any state court or proceeding are sought.

### VERIFICATION

I, Natosha L. Parker, as Trustee of the NLP Revocable Living Trust, dated October 16, 2024, declare under penalty of perjury under 28 U.S.C. § 1746 that the factual allegations herein are true and correct to the best of my knowledge, information, and belief.

Executed on: __JUNE 1_____, 2026

_____

Natosha L. Parker, as Trustee, Pro Se

Respectfully submitted,

_____

Natosha L. Parker, as Trustee, Pro Se
12373 Rouen Cove Drive, Jacksonville, FL 32226
(567) 303-2870 | nlparker1127@gmail.com

### CERTIFICATE OF SERVICE

I certify that on the date below I served this Verified First Amended Complaint on the United States Attorney for the District of Columbia, the Attorney General of the United States, Ginnie Mae, and the Secretary of Veterans Affairs pursuant to Federal Rule of Civil Procedure 4(i), and provided courtesy copies to counsel of record for the Rule 19 parties.

*Parker, Trustee v. Ginnie Mae, et al. — Verified First Amended Complaint*

Date: __JUNE 1_____, 2026

_____

Natosha L. Parker, as Trustee, Pro Se