## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATOSHA L. PARKER, as Trustee of the
NLP REVOCABLE LIVING TRUST,
DATED OCTOBER 16, 2024,
12373 Rouen Cove Dr
Jacksonville, Florida 32226
        Plaintiff,

v.

GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION (GINNIE MAE)
; and
SECRETARY OF THE UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS,
in his official capacity,

        Federal Defendants,

and
LAKEVIEW LOAN SERVICING, LLC;
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for GNMA REMIC Trust 2020-030;
M&T BANK; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. (MERS),
        Rule 19 Parties.

Case No. 1:26-cv-01739-TSC
Assigned: Hon. Tanya S. Chutkan

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

## COMPELLING GOVERNMENT NATIONAL MORTGAGE ASSOCIATION

## AND THE SECRETARY OF VETERANS AFFAIRS TO PERFORM

## MANDATORY NON-DISCRETIONARY FEDERAL DUTIES

*(28 U.S.C. § 1361; 5 U.S.C. §§ 702, 706(1))*


**RECEIVED**

JUL 5 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## NATURE OF THE PETITION

This is an Emergency Petition for Writ of Mandamus directed solely at two federal agencies — the Government National Mortgage Association (Ginnie Mae) and the Secretary of the United States Department of Veterans Affairs (the VA Secretary) — compelling them to perform non-discretionary federal duties that they have unlawfully withheld for more than 170 days. This Petition raises no Anti-Injunction Act issue: it seeks no order directed at any state court, no injunction against any private party, and no interference with any state court proceeding. It asks only that federal agencies do what federal law already requires them to do.

Petitioner has separately filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, on July 1, 2026. The automatic stay under 11 U.S.C. § 362(a) freezes the scheduled foreclosure sale of the Property. The bankruptcy filing does not moot this Petition; rather, it reinforces the need for the relief sought herein.

The federal records and determinations sought here are required not only to address the immediate state-court foreclosure proceeding but also to permit the orderly adjudication of Lakeview Loan Servicing, LLC's anticipated proof of claim in the bankruptcy proceeding. The bankruptcy court will be called upon to determine, under Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. § 502, whether Lakeview is the holder of the underlying Note and the proper party to enforce the security instrument. That adjudication cannot be made on a complete record without the Ginnie Mae pool-level records and the VA Secretary's mandatory pre-foreclosure supervisory determinations that this Petition seeks to compel. Federal agency silence prevents

the bankruptcy court — like every other forum — from adjudicating standing on a complete record.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1361, which vests the district courts with original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner. The Court also has jurisdiction under 5 U.S.C. § 702 (APA — person adversely affected by agency action or inaction) and 5 U.S.C. § 706(1) (court shall compel agency action unlawfully withheld or unreasonably delayed). Venue is proper under 28 U.S.C. § 1391(e)(1) as both Respondents have their principal offices in the District of Columbia.

## PARTIES

1.      Petitioner Natosha L. Parker is a 100% permanently and totally service-connected disabled veteran (effective August 10, 2022) and Trustee of the NLP Revocable Living Trust dated October 16, 2024. Her primary and sole residence is the Property located at 12373 Rouen Cove Drive, Jacksonville, Florida 32226 (the "Property").

2.      Respondent Government National Mortgage Association ("Ginnie Mae") is a government-sponsored enterprise and wholly-owned government corporation within the U.S. Department of Housing and Urban Development. 12 U.S.C. § 1717. Ginnie Mae guarantees mortgage-backed securities pools backed by federally-insured or federally-guaranteed mortgages, including VA-guaranteed loans. Ginnie Mae maintains federal pool-level records identifying the servicer of record and beneficial ownership structure for each loan in its

guaranteed pools, including GNMA REMIC Trust 2020-030, which holds the subject mortgage loan.

3.      Respondent Secretary of Veterans Affairs (the "VA Secretary") is the head of the U.S. Department of Veterans Affairs and holds a recorded Partial Claim Mortgage on the Property (Document No. 2021296071, recorded November 8, 2021, Book 20001, Page 2044, Duval County Official Records) in the amount of $22,314.04. Paragraph 7 of that instrument expressly invokes 12 U.S.C. § 3751 et seq. as the applicable federal enforcement mechanism, confirming the VA Secretary's active role as a federal lienholder with mandatory supervisory obligations over this loan.

## STATEMENT OF FACTS

### A. The VA-Guaranteed Loan and the Federal Government's Recorded Interest

4.      The subject mortgage is a VA-guaranteed loan on Petitioner's primary residence. The VA Secretary holds a recorded $22,314.04 Partial Claim Mortgage on the Property. Paragraph 10 of the Final Judgment of Foreclosure entered June 26, 2026 expressly preserves the right of redemption of the United States on behalf of the VA Secretary under 28 U.S.C. § 2410(c) for one year from the date of any sale — confirming that the foreclosing plaintiff's own attorneys acknowledged the federal government as a named lienholder with federal-law-defined rights in this Property.

5.      Under 38 C.F.R. § 36.4350, a servicer of a VA-guaranteed loan must exhaust all VA-prescribed loss mitigation alternatives before commencing foreclosure. Under 38 U.S.C. § 3714, no transfer of a VA-guaranteed loan is valid without VA approval. Under 38 U.S.C. §

3732, the VA Secretary has independent authority and obligation to protect the federal government's interest in guaranteed loans. Paragraph 7 of the VA Secretary's own recorded Partial Claim Mortgage invokes 12 U.S.C. § 3751 et seq. (the Single Family Mortgage Foreclosure Act of 1994), confirming the Secretary understood federal foreclosure law governed this Property and undertook corresponding obligations. None of these requirements have been documented or performed.

## B. The GNMA REMIC Trust 2020-030 and the Post-Closing Assignment

6.      GNMA REMIC Trust 2020-030 — whose Trustee, U.S. Bank National Association, holds the subject mortgage loan — had its startup day on or about March 30, 2020, and closed to new contributions on that date pursuant to 26 U.S.C. § 860D(a)(4). On August 24, 2023 — more than three years after the trust's closing date — MERS executed Corporate Assignment of Mortgage, Instrument No. 2023182377, Duval County Official Records, purporting to assign the subject mortgage to Lakeview Loan Servicing, LLC. A post-closing contribution to a REMIC trust is prohibited by federal tax law. 26 U.S.C. § 860D.

7.      Ginnie Mae's federal-program trust records identify M&T Bank — not Lakeview Loan Servicing, LLC — as the servicer of record for GNMA REMIC Trust 2020-030. This discrepancy goes to the heart of Lakeview's standing to foreclose. Only Ginnie Mae's records can confirm or refute the chain of title — and Ginnie Mae has withheld those records for more than 170 days.

## C. The December 17, 2025 Subpoena to Ginnie Mae and 170+ Days of Silence

8. On December 17, 2025, a Rule 45 subpoena was served on Cynthia Roper-Madison, Paralegal and Authorized Agent of Ginnie Mae, at Ginnie Mae's offices in Washington, D.C. The subpoena requested pool-level records for GNMA REMIC Trust 2020-030 identifying: (a) the servicer of record; (b) the beneficial owner of the subject mortgage loan; (c) the chain of endorsements and assignments in Ginnie Mae's records; and (d) any recorded transfer of servicing rights to Lakeview Loan Servicing, LLC.

9. The subpoena set a 21-day compliance deadline of January 7, 2026. As of the date of this Petition, more than 170 days have elapsed past that deadline. Ginnie Mae has not produced a single document. Ginnie Mae has not filed an objection. Ginnie Mae has not moved to quash. The subpoena non-response — independent of any contempt analysis — is documentary evidence of Ginnie Mae's continuing unreasonable delay in producing federal records that only Ginnie Mae possesses.

**D. The Final Judgment, the Bankruptcy Stay, and the Continuing Need for Federal Records**

10. On June 26, 2026, the Duval County Circuit Court entered a Final Judgment of Foreclosure in Case No. 16-2025-CA-000685-AXXX-MA, awarding Lakeview Loan Servicing, LLC the sum of $262,799.53 and directing the Duval County Clerk to conduct an electronic foreclosure sale at duval.realforeclose.com approximately sixty (60) days hence. A true and correct copy of the Final Judgment is attached as Exhibit 1.

11. On July 1, 2026, Petitioner filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District

of Florida, Jacksonville Division. The automatic stay under 11 U.S.C. § 362(a) freezes the scheduled foreclosure sale by operation of law.

12.    The bankruptcy stay, however, does not produce the federal records Ginnie Mae has withheld for more than 170 days, and does not perform the mandatory VA Secretary determinations that have never been made. The bankruptcy adversary proceeding that Petitioner anticipates filing against Lakeview's proof of claim under Federal Rule of Bankruptcy Procedure 7001(2) will require those same federal records to adjudicate the standing question on a complete record. The federal agencies' continued silence harms a federal interest beyond Petitioner: the integrity of GNMA-guaranteed mortgage-backed securities and the orderly administration of VA-guaranteed loan-program supervision.

13.    The Final Judgment was entered on a record that lacks: (a) any Ginnie Mae pool-level records establishing who actually holds beneficial interest in this loan; (b) any documentation that the VA Secretary performed the mandatory pre-foreclosure determinations required by 38 C.F.R. § 36.4350; (c) any VA approval of the transfer of servicing rights to Lakeview under 38 U.S.C. § 3714; and (d) any VA determination under 38 U.S.C. § 3732 that the government's guaranteed interest had been properly protected before foreclosure was filed. These federal records must exist before the bankruptcy court can adjudicate Lakeview's proof of claim on a complete record.

## LEGAL STANDARD

Mandamus under 28 U.S.C. § 1361 lies when the petitioner demonstrates: (1) a clear right to the relief sought; (2) a clear duty on the part of the respondent to perform the act in question; and (3) no other adequate remedy is available. In re Bluewater Network, 234 F.3d

1305, 1315 (D.C. Cir. 2000). Unreasonable delay in performing a non-discretionary duty is independently actionable under 5 U.S.C. § 706(1). The governing framework for unreasonable-delay analysis in this Circuit is the six-factor test from Telecommunications Research & Action Center v. FCC ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). The D.C. Circuit has recognized that the TRAC analysis is dynamic — materialized harms combined with an external deadline transform abstract delay into unreasonable delay requiring relief. In re Core Communications, Inc., 531 F.3d 849, 855 (D.C. Cir. 2008); In re American Rivers & Idaho Rivers United, 372 F.3d 413, 419 (D.C. Cir. 2004).

## ARGUMENT

## I. COUNT ONE — WRIT OF MANDAMUS COMPELLING GINNIE MAE TO PRODUCE FEDERAL POOL-LEVEL RECORDS FOR GNMA REMIC TRUST 2020-030.

### A. Petitioner Has a Clear Right to the Federal Pool-Level Records.

14.    Ginnie Mae is a federal corporate instrumentality whose pool-level records are subject to disclosure under both Rule 45 process and the broader supervisory framework of the National Housing Act, 12 U.S.C. § 1717 et seq. The records sought — identification of the servicer of record, beneficial ownership, and chain-of-title documentation for GNMA REMIC Trust 2020-030 — are within Ginnie Mae's exclusive possession. Petitioner, as borrower-veteran whose loan is held in the trust and whose home is the subject of foreclosure based on standing claims that those records would confirm or refute, has a clear right to those records.

### B. Ginnie Mae Has a Clear Non-Discretionary Duty to Respond.

15.     A federal agency or instrumentality served with a Rule 45 subpoena has three lawful options: comply, object within the compliance period, or move to quash. These are not suggestions — they are the exclusive avenues available under the Federal Rules. Ginnie Mae has done none of them in more than 170 days. The duty to respond was non-discretionary and has been overdue since January 7, 2026.

16.     Independent of Rule 45 process, Ginnie Mae's duty to maintain and produce accurate pool-level records of GNMA-guaranteed loans is part of its statutory mission under 12 U.S.C. § 1721. The agency's continuing failure to respond to documented federal-program inquiries about loan-pool integrity is agency action unlawfully withheld under 5 U.S.C. § 706(1).

## C. No Other Adequate Remedy Exists.

17.     Only a federal court can compel a federal agency's compliance with federal process. The Duval County Circuit Court cannot order Ginnie Mae to produce documents. The bankruptcy court, while it will eventually need these records to adjudicate Lakeview's proof of claim, lacks the procedural posture to issue mandamus to a federal agency for records the agency has refused to produce in response to lawful Rule 45 process. This Court is the proper forum for the relief sought.

## D. The TRAC Factors Independently Require Relief.

18.     All six TRAC factors support immediate mandamus relief:

Factor 1 — Rule of Reason. No rule of reason supports 170+ days of silence in response to federal process with a 21-day compliance window. TRAC, 750 F.2d at 80.

Factor 2 — Congressional Timetable. The Single Family Mortgage Foreclosure Act, 12 U.S.C. § 3751 et seq., embedded in the VA Secretary's own recorded mortgage instrument, reflects Congress's expectation of prompt federal supervisory response when federal mortgage interests are implicated. Ginnie Mae's silence violates that expectation.

Factor 3 — Health and Welfare. Petitioner is a 100% permanently and totally disabled veteran whose homestead has been the subject of a Final Judgment of Foreclosure and would have been sold but for the protection of the bankruptcy stay. The agency's continued silence directly affects the federal records needed for the bankruptcy court to adjudicate Lakeview's claim on a complete record. In re American Rivers, 372 F.3d at 419 (concrete harm to identified interests weighs heavily against delay).

Factor 4 — Competing Priorities. Ginnie Mae has identified no competing priority. It has not appeared in this action. Its silence forfeits any argument that other agency obligations justify the delay.

Factor 5 — Interests Prejudiced. (a) Petitioner's interest in the bankruptcy court's adjudication of Lakeview's claim on a complete record; (b) the VA Secretary's $22,314.04 recorded lien proceeding without required supervisory review; (c) the integrity of GNMA mortgage-backed securities — a state-court judgment based on a servicer not reflected in Ginnie Mae's own pool records harms the federal mortgage program.

Factor 6 — No Impropriety Required. The Court need not find any impropriety. Materialized harm combined with 170+ days of silence on properly-served federal process is sufficient. TRAC, 750 F.2d at 80; In re Core Communications, 531 F.3d at 855.

## II. COUNT TWO — WRIT OF MANDAMUS COMPELLING THE VA SECRETARY'S MANDATORY PRE-FORECLOSURE DETERMINATIONS.

### A. *Petitioner Has a Clear Right to Have the Mandatory Protections Performed.*

19.     38 C.F.R. § 36.4350 creates an enforceable entitlement for borrowers of VA-guaranteed loans to have the servicer exhaust all VA-prescribed loss mitigation alternatives before foreclosure is commenced. 38 U.S.C. § 3714 creates an enforceable right to VA approval of any loan transfer. 38 U.S.C. § 3732 vests the VA Secretary with the authority — and the obligation — to protect the federal government's guarantee interest. These are not discretionary agency preferences; they are conditions precedent to a valid VA-guaranteed loan foreclosure. Petitioner, as the veteran-borrower whose VA-guaranteed loan is the subject of foreclosure proceedings, has a clear right to their performance.

### B. *The VA Secretary Has a Clear Non-Discretionary Duty to Act.*

20.     The duties imposed by 38 C.F.R. § 36.4350, 38 U.S.C. §§ 3714 and 3732, and 12 U.S.C. § 3751 et seq. are non-discretionary ministerial obligations — not policy choices left to agency discretion. The VA Secretary's own recorded Partial Claim Mortgage on this Property (Paragraph 7) expressly invokes 12 U.S.C. § 3751 et seq. as the operative federal mechanism — confirming the Secretary understood these obligations applied to this specific property and this specific loan. The Secretary's duty to perform these determinations is clear.

### C. *No Other Adequate Remedy Exists.*

21.     Only this Court can compel the VA Secretary to perform the mandatory supervisory determinations required by federal regulation and statute. The Duval County Circuit

Court has no authority over the VA Secretary. The bankruptcy court can adjudicate Lakeview's proof of claim but cannot order the VA Secretary to make supervisory determinations the Secretary should have made before the foreclosure was filed. Mandamus from this Court is the only available remedy.

### D. The TRAC Factors Are Fully Satisfied.

22.    For the same reasons set forth in Count One, all six TRAC factors independently support mandamus relief compelling the VA Secretary's performance. The additional consideration here is that the VA Secretary's own recorded instrument acknowledges his supervisory role — making his silence particularly difficult to justify. The VA Secretary is not an uninformed bystander: his $22,314.04 lien is named in the very Final Judgment that scheduled the foreclosure sale. He has had notice of this foreclosure since at least the date his Partial Claim Mortgage was identified in the court record. More than 170 days of silence from the date of the federal subpoena, combined with a recorded instrument that expressly invokes federal foreclosure oversight law, leaves no room for a rule-of-reason defense to continued inaction.

## III. COUNT THREE — WRIT OF MANDAMUS COMPELLING THE VA SECRETARY'S FORMAL DECLARATION REGARDING THE UNITED STATES' RIGHT OF REDEMPTION.

23.    Paragraph 10 of the Final Judgment of Foreclosure entered June 26, 2026 expressly preserves the right of redemption of the United States of America on behalf of the Secretary of Veterans Affairs under 28 U.S.C. § 2410(c) for one year from the date of any foreclosure sale. This acknowledgment by the foreclosing plaintiff's own attorneys —

Lakeview's counsel — confirms that the United States has a federally-defined legal right in this Property that survives the foreclosure sale itself.

24.     The VA Secretary must make a formal determination: whether to exercise this redemption right, to waive it, or to take some other protective action. That determination cannot be made without first performing the supervisory review required by Counts One and Two — i.e., without knowing whether Ginnie Mae's records support Lakeview's standing, and without knowing whether the mandatory pre-foreclosure loss mitigation requirements were satisfied.

25.     The three-part mandamus test is independently satisfied for Count Three: (1) clear right — Petitioner has a right to have the United States' acknowledged federal interest formally addressed before her home is sold; (2) clear duty — the VA Secretary has a non-discretionary obligation to exercise, waive, or formally address the United States' right of redemption — a right that the Secretary's own lien instrument and 28 U.S.C. § 2410(c) create; (3) no adequate remedy — only this Court can compel the Secretary to act. In re Bluewater Network, 234 F.3d at 1315.

## RELIEF REQUESTED

Petitioner respectfully requests that this Court:

A.     Issue a Writ of Mandamus ordering the Government National Mortgage Association to produce all documents responsive to the Rule 45 subpoena served December 17, 2025 within thirty (30) days of service of this Order, or to file a sworn explanation under 28 U.S.C. § 1746 of the basis for any continued non-production;

B.      Issue a Writ of Mandamus ordering the Secretary of Veterans Affairs to perform, within sixty (60) days of service of this Order, all mandatory supervisory determinations required by 38 C.F.R. § 36.4350, 38 U.S.C. §§ 3714 and 3732, and 12 U.S.C. § 3751 et seq. in connection with the VA-guaranteed loan secured by the Property at 12373 Rouen Cove Drive, Jacksonville, Florida 32226, and to produce to this Court and to Petitioner written documentation of those determinations;

C.      Issue a Writ of Mandamus ordering the Secretary of Veterans Affairs to formally declare, within sixty (60) days of service of this Order, the United States' position regarding the right of redemption preserved at Paragraph 10 of the June 26, 2026 Final Judgment of Foreclosure under 28 U.S.C. § 2410(c), including whether the Secretary intends to exercise, waive, or take further protective action with respect to that right;

D.      Retain jurisdiction to enforce compliance with the Writs and to address such further matters as may arise from Respondents' compliance or non-compliance with this Court's orders; and

E.      Grant such other and further relief as this Court deems just and proper.

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Natosha L. Parker, as Trustee of the NLP Revocable Living Trust dated October 16, 2024, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Emergency Petition for Writ of Mandamus are true and correct to the

best of my knowledge, information, and belief, and that all Exhibits attached hereto are true and correct copies of the documents they purport to be.

Executed on: ___July 5_____, 2026

_____

NATOSHA L. PARKER, as Trustee, Pro Se

NLP Revocable Living Trust dated October 16, 2024

12373 Rouen Cove Drive Jacksonville, Florida 32226

(567) 303-2870nlparker1127@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused a true and correct copy of the foregoing

Emergency Petition for Writ of Mandamus, together with all exhibits, to be served on the

following parties via certified mail, return receipt requested:

Government National Mortgage Association

c/o Office of General Counsel

U.S. Department of Housing and Urban Development

451 Seventh Street SW, Washington, D.C. 20410

Secretary of the U.S. Department of Veterans Affairs

810 Vermont Avenue NW, Washington, D.C. 20420

United States Attorney for the District of Columbia

601 D Street NW, Washington, D.C. 20530

Attorney General of the United States

U.S. Department of Justice

950 Pennsylvania Avenue NW, Washington, D.C. 20530

Dated: July 5 , 2026

Natosha L. Parker, as Trustee, Pro Se